Citation Nr: 1806329 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 11-13 061 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUE

Entitlement to a rating in excess of 10 percent for right hand degenerative joint disease of the 4th and 5th carpometacarpals, excluding the periods from April 13, 2009, to May 31, 2009, and from September 25, 2017, to October 31, 2017.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

T. J. Anthony, Associate Counsel



INTRODUCTION

The Veteran had active service from January 1991 to October 1994.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a January 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia.

In the January 2010 rating decision, the RO granted the Veteran a temporary total disability rating from April 13, 2009, to May 31, 2009, under 38 C.F.R. § 4.30 (2017) based on surgery necessitating convalescence. The RO granted the Veteran an additional such temporary total disability rating from September 25, 2017, to October 31, 2017, in an October 2017 rating decision. The Board has accordingly reframed the issue on appeal, as indicated on the title page.

In March 2013, the Veteran testified at a hearing before the undersigned Veterans Law Judge via video conference. A transcript of the hearing is associated with the record.

In December 2016, the Veteran's previous representative withdrew from the case. Therefore, the Veteran is currently unrepresented. See 38 C.F.R. § 14.631(c).

The Board remanded this matter in March 2014 and July 2017.

Additional VA records were received following the most recent adjudication of this matter by the Agency of Original Jurisdiction (AOJ). The Board herein grants an extension of the temporary total disability rating under 38 C.F.R. § 4.30 until November 30, 2017, based on its consideration of the relevant portions of the additional evidence. This action is fully favorable to the Veteran, and the Veteran is therefore not prejudiced by the Board's consideration of the additional evidence in the first instance. See Bernard v. Brown, 4 Vet. App. 384 (1993). The additional evidence is otherwise not relevant to the matter decided herein. Therefore, a remand for issuance of an additional supplemental statement of the case in consideration of the additional evidence is not necessary, and the Board may proceed with appellate consideration. See 38 C.F.R. § 19.37.

The Board is cognizant that a claim for a total rating based on individual unemployability due to a service-connected disability (TDIU), either expressly raised by the Veteran or reasonably raised by the record, is part of the claim for an increased rating. See Rice v. Shinseki, 22 Vet. App. 447 (2009). In this case, the Veteran has indicated that his right hand degenerative joint disease of the 4th and 5th carpometacarpals negatively affects his ability to perform his work-related duties as an electrician. However, the Veteran has not argued, and the record does not otherwise reflect, that the disability renders him unable to secure or follow a substantially gainful occupation. The Board concludes that a claim for a TDIU has not been raised as part of the increased rating claim on appeal.


FINDINGS OF FACT

1. The Veteran's September 25, 2017 surgery on his right 4th and 5th carpometacarpals resulted in severe postoperative residuals including pain and swelling that necessitated removal of hardware from the right 4th and 5th carpometacarpals on November 6, 2017.

2. The record does not show that the Veteran required convalescence or that he had severe postoperative residuals from the September 25, 2017 surgery beyond November 30, 2017.

3. Throughout the relevant rating period other than the periods from April 13, 2009, to May 31, 2009, and from September 25, 2017, to November 30, 2017, the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals manifested in painful, limited motion and reduced grip strength.



CONCLUSIONS OF LAW

1. The criteria for entitlement to a temporary total disability rating for right hand degenerative joint disease of the 4th and 5th carpometacarpals have been met for the period from November 1, 2017, to November 30, 2017. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 4.3, 4.7, 4.14, 4.21, 4.30 (2017).

2. The criteria for entitlement to a rating in excess of 10 percent for right hand degenerative joint disease of the 4th and 5th carpometacarpals, excluding the periods from April 13, 2009, to May 31, 2009, and from September 25, 2017, to November 30, 2017, have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 4.3, 4.7, 4.14, 4.21, 4.71a, Diagnostic Codes 5010 and 5230, 4.73, Diagnostic Code 5309 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's Duty to Notify and Assist

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (2012); 38 C.F.R. §§ 3.159, 3.326 (2017); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

VA's duty to notify was satisfied by a letter dated in November 2009. See 38 U.S.C. §§ 5102, 5103, 5103A; 38 C.F.R. § 3.159; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The duty to assist the Veteran has also been satisfied in this case. The Veteran's VA treatment records and identified and available private treatment records have been obtained and associated with the record. 38 U.S.C. § 5103A; 38 C.F.R. § 3.159. The Veteran was provided VA examinations in December 2009 and October 2014. The examiners conducted relevant testing on the Veteran's right 4th and 5th carpometacarpals, considered the Veteran's reported symptomatology, and provided the medical information necessary to address the rating criteria in this case. See generally Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Therefore, the Board finds the examinations to be adequate for decision-making purposes. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board notes that 38 C.F.R. § 4.71a, Diagnostic Code 5230, which provides criteria for rating limitation of motion in the ring or little finger, does not provide compensable ratings for such disability. Therefore, further range-of-motion testing of the Veteran's right 4th and 5th carpometacarpals would not result in a higher rating under the applicable diagnostic code.

The Veteran has not alleged that his right hand degenerative joint disease of the 4th and 5th carpometacarpals has increased in severity since the October 2014 VA examination. See Palczewski v. Nicholson, 21 Vet. App. 174 (2007) (mere passage of time is not a basis for requiring a new examination). Rather, the Veteran contends only that his symptoms warrant a higher disability rating. As such, the Board finds that the examinations of record are adequate to adjudicate the Veteran's increased rating claim and no further examination is necessary.

There is no indication in the record that any additional evidence, relevant to the matter adjudicated in this decision, is available and not part of the record. See Pelegrini v. Principi, 18 Vet. App. 112 (2004). As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486; Shinseki v. Sanders/Simmons, 129 S. Ct. 1696 (2009).

Compliance with Board Remand

As noted in the Introduction, the Board remanded this case in March 2014 and July 2017. The March 2014 Board remand directed the AOJ to obtain and associate with the record the Veteran's VA treatment records dated from November 2013 through the present; schedule the Veteran for a VA examination to assess the current nature and severity of his right hand degenerative joint disease of the 4th and 5th carpometacarpals; and then readjudicate the claim and issue a supplemental statement of the case, if warranted. Pursuant to the March 2014 Board remand, the AOJ associated with the record updated VA treatment records, provided the Veteran a VA examination in October 2014 that is responsive to and consistent with the remand directives; and readjudicated the appeal in a November 2016 supplemental statement of the case.

The July 2017 Board remand directed the AOJ to obtain and associate with the record all outstanding VA treatment records, to include those that were listed in the November 2016 supplemental statement of the case but not yet of record, and then readjudicate the claim and issue a supplemental statement of the case, if warranted. Pursuant to the July 2017 Board remand, the AOJ obtained and associated with the record updated VA treatment records and readjudicated the appeal in an October 2017 supplemental statement of the case. Accordingly, the Board finds that VA at least substantially complied with the March 2014 and July 2017 Board remands. See 38 U.S.C. § 5103A(b); Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97, 105 (2008).

Other Due Process Considerations

Also as noted in the Introduction, the Veteran was afforded a hearing before the undersigned Veterans Law Judge (VLJ) in March 2013. At the hearing, the VLJ asked the Veteran specific questions concerning the symptoms of and treatment for his right hand degenerative joint disease of the 4th and 5th carpometacarpals. In addition, the VLJ solicited information as to the existence of any outstanding evidence. No pertinent evidence that might have been overlooked and that might substantiate the claim was identified by the Veteran or his representative at the time. See Bryant v. Shinseki, 23 Vet. App. 488 (2010). The Veteran has not suggested any deficiency in the conduct of the hearing. See Scott, 789 F.3d 1375; Dickens v. McDonald, 814 F.3d 1359 (Fed. Cir. 2016).


Legal Criteria

Disability ratings are determined by the application of VA's Schedule for Rating Disabilities (Schedule), which is based on the average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155 (2012); 38 C.F.R. Part 4 (2017). Pertinent regulations do not require that all cases show all findings specified by the Schedule, but that findings sufficient to identify the disease and the resulting disability and, above all, coordination of the rating with impairment of function will be expected in all cases. 38 C.F.R. § 4.21; see also Mauerhan v. Principi, 16 Vet. App. 436 (2002).

When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3. Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The Board will consider whether separate ratings may be assigned for separate periods of time based on facts found, a practice known as "staged ratings," in all claims for increased ratings. Hart v. Mansfield, 21 Vet. App. 505, 519 (2007).

In this case, the Veteran seeks an increased rating for right hand degenerative joint disease of the 4th and 5th carpometacarpals. The Veteran's increased rating claim was received on October 19, 2009. Therefore, the relevant rating period is from October 19, 2008, one year prior to receipt of the claim, through the present. See 38 C.F.R. § 3.400(o)(2). The Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals is currently rated as 10 percent disabling under 38 C.F.R. § 4.71a, Diagnostic Code 5010, except for the periods from April 13, 2009, to May 31, 2009, and from September 25, 2017, to October 31, 2017, during which the disability is rated as totally disabling due to surgery necessitating convalescence.

Under Diagnostic Code 5010, traumatic arthritis established by X-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic codes for the specific joint or joints involved. When, however, the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 percent is for application for each such major joint or group of minor joints affected by limitation of motion, to be combined, not added under Diagnostic Code 5010. In the absence of limitation of motion, a 10 percent rating is warranted for traumatic arthritis when there is X-ray evidence of involvement of 2 or more major joints or 2 or more minor joint groups and a 20 percent rating is warranted for degenerative arthritis when there is with X-ray evidence of involvement of 2 or more major joints or 2 or more minor joint groups, with occasional incapacitating exacerbations. For the purpose of rating disability from arthritis the interphalangeal, metacarpal, and carpal joints are considered a group of minor joints. 38 C.F.R. § 4.45.

Under Diagnostic Code 5230, a noncompensable disability rating is warranted for any range of motion of the ring or little finger.

Finally, the Veteran is currently in receipt of temporary total disability ratings for the periods from April 13, 2009, to May 31, 2009, and from September 25, 2017, to October 31, 2017, based on the need for convalescence following surgery. Under 38 C.F.R. § 4.30, a total disability rating will be assigned for a period of 1, 2, or 3 months from the first day of the month following hospital discharge or outpatient release when treatment resulted in surgery necessitating at least one month of convalescence or resulted in surgery with severe postoperative residuals such as incompletely healed surgical wounds, stumps of recent amputations, therapeutic immobilization of one major joint or more, application of a body cast, or the necessity for house confinement, or the necessity for continued use of a wheelchair or crutches (regular weight-bearing prohibited).

Summary of the Relevant Evidence

The Veteran has asserted that his right hand degenerative joint disease of the 4th and 5th carpometacarpals causes pain and limited grip strength. He has estimated that he has lost 60 percent of use of his right hand. See "Notice of Disagreement with VA Claim" received in April 2010. He testified at a March 2011 hearing before RO staff that he has tingling an numbness at the site of incision from his April 2009 surgery and that he has limited grip strength, which negatively affects his ability to perform work and activities of daily living. He estimated that he has lost 40 to 50 percent of use of his right hand. At the March 2013 Board hearing, the Veteran testified that he has limited strength and motion in his right 4th and 5th carpometacarpals, and that his previous right hand surgery would require revision. He argued that the service-connected right hand degenerative joint disease of the 4th and 5th carpometacarpals is of a severity equal to functional amputation of the two fingers.

The VA treatment records show that in March 2009, the Veteran reported pain and swelling in the fingers. It was recommended that he undergo exploration and possible resurfacing. On April 13, 2009, the Veteran underwent arthroplasty of the right ring and little fingers. On April 17, 2009, he was doing well and was instructed to start using his hand gradually. In May 2009, the Veteran complained of an uncomfortable clicking. His doctors felt that the Veteran had been "really thrashing" his hand while performing work for 12 hours per day. They recommended that he stop hand therapy and use a splint. In May 2009, the Veteran complained of pain and clicking on use of his right hand. Examination revealed reduced grip strength on the right side versus on the left, and reduced range of motion in the right ring and little fingers. In August 2009, the Veteran continued to report pain in the right hand, but was doing heavy labor and did not want to rest his hand. A November 2009 private physical therapy record shows that testing revealed reduced grip strength in the right hand and reduced range of motion in the right ring and little fingers.

At the December 2009 VA examination, the Veteran reported that his right hand had gotten significantly worse, and that he had to hire someone to "compensate for my loss" in his work as an electrical contractor. Testing revealed limited range of motion and objective evidence of pain on motion of the right ring and little fingers. The Veteran did not have ankylosis or deformity of any digits. He had reduced strength in the right hand versus the left hand. The Veteran had a scar on the dorsum of his right hand over the 4th and 5th metacarpals measuring 3.5 centimeters by 0.75 centimeters proximally and 4.0 centimeters by 0.5 centimeters distally. The scar was tender to palpation with some erythema, but did not adhere to the underlying tissue.

At the October 2014 VA examination, the Veteran reported a total loss of use of the right ring and little fingers at times. He indicated that his hand was constantly painful and that a screw surgically placed in his hand had "backed out" of position. Testing revealed limited range of motion and objective evidence of pain on motion of the right ring and little fingers. The Veteran did not have ankylosis of any digits. He had reduced strength in the right hand versus the left hand. The examiner noted the Veteran's surgical scar and opined that it had not changed since the prior examination. The examiner further opined that the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals was not productive of functional impairment such that no effective function remains other than that which would be equally well served by an amputation with prosthesis.

The VA treatment records reflect that the Veteran continued to report pain and reduced strength and range of motion in his right hand. In May 2017, the Veteran was seen for a VA plastic surgery consultation to determine whether further surgery on the right ring and little fingers was appropriate. At that consultation, it was recommended that the Veteran first try corticosteroids and report back in a month to see if such treatment relieved his symptoms. 4th and 5th carpometacarpal fusion and distal radius bone graft was also discussed as an option if the corticosteroids were not effective. In August 2017, the Veteran was seen for a follow-up, where he indicated that he wanted to schedule surgery.

On September 25, 2017, the Veteran underwent right 4th and 5th carpometacarpal revision fusion with bone graft. At several follow-up visits in October 2017, the Veteran reported continued right hand pain that was at times intolerable. He underwent further surgery on November 6, 2017, for hardware removal from the right hand. A pre-anesthesia note for that surgery states that the Veteran had had burning pain since the September 2017 surgery. He had also experienced significant swelling and restriction of movement in his fingers. The record does not show that the Veteran required convalescence or that he had postoperative residuals following the November 2017 surgery.

Analysis

The Board will first discuss the periods during which the Veteran has been granted temporary total disability ratings. For the period from April 13, 2009, to May 31, 2009, the Board finds that the record does not show that the Veteran's April 2009 surgery necessitated convalescence or caused severe postoperative residuals after May 31, 2009, such that extension of the temporary total disability rating beyond May 31, 2009, is warranted. Specifically, the record shows that in May 2009 the Veteran reported pain in his right hand but was nevertheless performing work. In August 2009, he was performing heavy labor. The Board does not consider the Veteran's post-operative pain to be a severe residual because he was able to work in May 2009 and perform heavy labor in August 2009 despite the pain. Thus, the Board finds no basis in the record to extend the period of temporary total disability beyond May 31, 2009.

For the period from September 25, 2017, to October 31, 2017, the record shows that the Veteran experienced burning pain, significant swelling, and restriction of movement of his fingers following the September 25, 2017 surgery such that he required further surgery for hardware removal on November 6, 2017. The Board finds that the Veteran's postoperative residuals following the September 25, 2017 surgery and through the time of his November 6, 2017 surgery were severe. Therefore, the temporary total disability rating should be extended for an additional month such that it covers the period from November 1, 2017 to November 30, 2017. The Board further finds that the evidence of record does not show that the Veteran required convalescence or that he had severe postoperative residuals beyond November 30, 2017. Therefore, the record does not show that the temporary total disability rating should be extended beyond November 30, 2017.

With regard to the remainder of the rating period on appeal, the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals has manifested in painful, limited motion and reduced grip strength. The Board again notes that limited motion of the ring or little finger, regardless of severity, warrants a noncompensable rating under 38 C.F.R. § 4.71a, Diagnostic Code 5230. Therefore, a rating in excess of 10 percent is not available under that diagnostic code for the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals.

The Veteran's current 10 percent rating under 38 C.F.R. § 4.71a, Diagnostic Code 5010 contemplates his limited, painful motion. Diagnostic Code 5010 provides a maximum 20 percent rating for traumatic arthritis when there is with X-ray evidence of involvement of 2 or more major joints or 2 or more minor joint groups, with occasional incapacitating exacerbations. In this case, the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals affects only 1 minor joint group. Therefore, a rating in excess of 10 percent is not available under that diagnostic code for the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals.

The Board has considered whether the Veteran is entitled to higher or additional ratings under other diagnostic codes. The Board finds that the Veteran's right hand weakness is best contemplated under 38 C.F.R. § 4.73, Diagnostic Code 5309, which pertains to injuries to muscle group IX, including the intrinsic muscles of the hands. See 38 C.F.R. § 4.20. However, Diagnostic Code 5309 does not list percentages for corresponding levels of disability. Rather, it states, "The hand is so compact a structure that isolated muscle injuries are rare, being nearly always complicated with injuries of bones, joints, tendons, etc. Rate on limitation of motion, minimum 10 percent." The Veteran is already in receipt of a 10 percent rating based on limited motion of the right ring and little fingers. As discussed above, the Veteran is not entitled to a rating in excess of 10 percent under the diagnostic codes for rating disabilities of the ring and little fingers on the basis of limited motion. Therefore, the Board finds that the Veteran is not entitled to higher or additional ratings under Diagnostic Code 5309 for his right hand weakness.

The Board further notes that the Veteran is currently in receipt of a separate 10 percent rating for the post-operative scar on his right hand under 38 C.F.R. § 4.118, Diagnostic Code 7804. At the December 2009 VA examination, the scar had dimensions of 3.5 centimeters by 0.75 centimeters proximally and 4.0 centimeters by 0.5 centimeters distally, was tender, and had some erythema, but did not adhere to the underlying tissue. The October 2014 VA examiner opined that the scar had not changed since the December 2009 VA examination. There is no indication in the record that the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals was associated with a scar having an area of 39 square inches or greater, with multiple painful and/or unstable scars, or with scars having effects not considered under Diagnostic Codes 7800 to 7804. Therefore, the record does not show that the Veteran's service-connected surgical scar of the right hand warranted a rating higher than or in addition to the 10 percent rating previously assigned under 38 C.F.R. § 4.118, Diagnostic Code 7804, for a single painful scar.

Finally, the Board acknowledges the Veteran's contention that his right hand degenerative joint disease of the 4th and 5th carpometacarpals is of a severity equal to functional amputation of the two fingers. The Board does not doubt that the Veteran sincerely believes that his right hand degenerative joint disease of the 4th and 5th carpometacarpals is analogous to amputation of the right ring and little fingers. However, the medical treatment evidence of record, the December 2009 VA examination report, and the October 2014 VA examination report all show that, although his motion is painful and he has reduced muscle strength in those fingers, he retains some motion and muscle strength in them. 

Furthermore, at the March 2011 hearing before RO staff, the Veteran testified that he is able to work with hammers, crowbars, screwdrivers, and other tools, though doing so is painful. The October 2014 VA examiner opined that the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals is not productive of functional impairment such that no effective function remains other than that which would be equally well served by an amputation with prosthesis. In view of the evidence showing that the Veteran retains functionality in the right ring and little fingers and the October 2014 VA examiner's opinion, the Board finds that the Veteran's contentions are contradicted by the evidence and are therefore not probative. The Board concludes that the service-connected right hand degenerative joint disease of the 4th and 5th carpometacarpals is not most closely analogous to an amputation of the right ring and little fingers for rating purposes. See 38 C.F.R. § 4.20. Therefore, a higher rating or additional ratings are not available in this case under the diagnostic codes pertaining to amputation of multiple fingers.

Neither the Veteran nor his former representative has raised any other issues with regard to the rating for the service-connected right hand degenerative joint disease of the 4th and 5th carpometacarpal, nor have any other such issues been reasonably raised by the record. See Yancy v. McDonald, 27 Vet. App. 484, 495 (2016); Doucette v. Shulkin, 38 Vet. App. 366, 369-70 (2017).

In summary, the Board finds that, following his September 25, 2017 surgery, the Veteran had severe postoperative residuals until at November 6, 2017, when he underwent further surgery to remove hardware from his right hand. Therefore, the period of total disability for convalescence following that surgery must be extended an additional month so that it includes the period from November 1, 2017, to November 30, 2017. 

However, throughout the relevant rating period other than the periods from April 13, 2009, to May 31, 2009, and from September 25, 2017, to November 30, 2017, the Veteran's right hand degenerative joint disease of the 4th and 5th carpometacarpals has manifested in painful, limited motion and reduced grip strength. These symptoms are contemplated by his current 10 percent disability rating. Accordingly, the criteria for higher or additional ratings have not been met, and entitlement to a rating in excess of 10 percent must be denied. As the preponderance of the evidence is against the assignment of a higher rating, the benefit-of-the-doubt doctrine is not for application, and the claim must be denied. 38 U.S.C. § 5107(b); see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).








ORDER

Entitlement to a temporary total disability rating for right hand degenerative joint disease of the 4th and 5th carpometacarpals is granted for the period from November 1, 2017, to November 30, 2017.

Entitlement to a rating in excess of 10 percent for right hand degenerative joint disease of the 4th and 5th carpometacarpals, excluding the periods from April 13, 2009, to May 31, 2009, and from September 25, 2017, to November 30, 2017, is denied.




____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs